(75 App. Div. 180.)

### KILMER v. RECKITT & SONS, Limited.

(Supreme Court, Appellate Division, Third Department.   July 8, 1902.)

**1. SERVANT'S NEGLIGENCE—LIABILITY OF MASTER—EVIDENCE.**

An agent of defendant, who was a manufacturer of bluing, while canvassing at plaintiff's home undertook to give a demonstration of the bluing, using an alchohol lamp carried by her. While the lamp was burning, or immediately after the flame ceased, the agent attempted to pour more alchohol into the lamp, when there was an explosion, and plaintiff, a child, was injured. *Held*, that the facts were sufficient to sustain a verdict against defendant for negligence.

**2. DAMAGES—PERSONAL INJURIES.**

Owing to the negligence of defendant, plaintiff's face was burned with an alchohol flame. In an action for the injuries, about three months after the accident, a physician testified that plaintiff was poorly developed, that she had been poorly nourished, and did not inherit a good physique. The family physician testified that scars on the neck and face were permanent, but that there was no other injury. The scar near the ear and one near the mouth were about one-fourth of an inch in diameter. The mother testified that the child was very nervous, and had lost in weight, and had a poor appetite, and a physician called by the plaintiff testified that the child was anæmic, and nervous, and would never wholly recover from the accident and fright. *Held*, that a verdict for $7,000 was excessive, and would be reduced to $3,000.

Appeals from judgment on report of referee and from order at special term, Albany county.

Action by Frances Kilmer, by her guardian ad litem, against Reckitt & Sons, Limited. From a judgment for plaintiff, and from an order of the Albany special term, made on the 22d day of March, 1902, and entered in said office March 25, 1902, denying defendant's motion to remit the case to the referee for a decision, in accordance with section 1022 of the Code of Civil Procedure, stating concisely the grounds upon which the issues were decided, defendant appeals. Affirmed on condition that plaintiff reduce damages to $3,000; otherwise reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Burke & Crosby (Charles F. Brown and Daniel Burke, of counsel), for appellant.

Lewis Cass (Judson S. Landon, of counsel), for respondent.

CHASE, J. The defendant is a foreign corporation engaged in the sale of "Reckitt's Wash Blue." On the 22d day of October, 1901, a woman agent of the defendant went to the house of one Kilmer, in the city of Albany, for the purpose of promoting the sale of said wash blue. Heated water was necessary for the purpose of making the demonstration desired by the agent, and for the purpose of heating the water and demonstrating the quality of the blue, the agent produced a small alcohol lamp, which she lighted, and waited for the water, which she placed in a small tin kettle over the lamp, to become heated. The lamp and appliances were placed on a table in the basement where the Kilmers lived, and Mrs. Kilmer, with an infant in arms, stood near the table, while her other three children, aged. re-

spectively, seven, five, and three years, gathered on the opposite side of the table, curiously watching the experiment. The water did not become heated as quickly as the agent desired, and she took a bottle of alcohol, and, while the lamp was burning, or immediately after the flame had ceased, proceeded to fill the lamp with more alcohol, when suddenly there was a flash or explosion, and the flames extended over and about the faces of at least two of said children, including the plaintiff, who was the eldest. The flame not only flashed about her face, but continued on her face and hair for a short space of time afterwards. Immediately after the accident her face swelled, and presented a red and blistered condition. Her eyes became swollen and congested, and discharged pus, and her nose was covered with scabs. The mouth, cheeks, ears, and a portion of the neck back of the ear on the left side were burned. Immediately after the accident, and for some days subsequent, the pain and burning were very severe, and hard to bear. John Kilmer, the father of the plaintiff, was duly appointed guardian ad litem of the plaintiff, and this action was brought to recover damages, alleging negligence on the part of the agent of the defendant.

We are of the opinion that there is sufficient evidence to sustain a verdict against the defendant for negligence, but that the damages awarded are excessive. Plaintiff did not seem to be a very bright child. She was attended by a physician for about six or seven weeks. The trial occurred about three months after the accident, and a physician of large experience then testified, in substance, that the plaintiff was puny looking and poorly developed, both as to her body development and otherwise, and showed that she had not been well nourished, and that she did not inherit a good physique. The family physician, who was sworn for the plaintiff on the trial, testified:

"I see the child Frances before me now. It shows scars on the forehead, cheek, the left side of the neck, under the ear, and the right side of the face on the cheekbone, a slight scar at the angle of the mouth. Some of these scars are deep, and others slight. All those on the right side of the face are slight. These scars will be partially permanent, in my mind. The scar near the ear is about one fourth of an inch, of a crescent shape. The one near the angle of the mouth is about the same diameter. The face of this child will heal so as to show no redness, the scar will turn white in time. I think there are no other permanent ill effects than the scar left in this child. Aside from the scar, she is perfectly well now."

He further testified:

"I see no trouble with the eyes. They are perfect. The eyes have recovered."

The physician first mentioned testified:

"I found her vision was perfect. There was nothing abnormal with the appearance of the eye itself, or with the lids, and I found that the interior structure of the eye was perfectly normal. * * * There was absolutely no evidence that there had been any injury of the eyes."

The testimony as to plaintiff's recovery is uncontradicted, except by the evidence of the mother, who testifies to the effect that the child is very nervous, and that she has lost in weight, and has a poor appetite; and the further testimony of a physician called by the plaintiff,

who says, in effect, that the child is anæmic, and extremely nervous, and that, in his judgment, she will never wholly recover from the accident and fright, and that in her nervous condition she will never be as well as she was before the accident. Taking into account the intellectual and physical characteristics of the family and their position in life, it cannot be said from the record that the future earning capacity of the plaintiff has been to any extent impaired. The plaintiff's pain and suffering was of short duration. For the pain and suffering and such disfigurement as is produced by the scars, together with any permanent injury to plaintiff's general health and nervous system that can reasonably be anticipated from the evidence before us, a judgment for damages for more than $3,000 would seem to be excessive.

Judgment reversed on the ground that the damages are excessive, and a new trial granted upon payment of costs of the former trial by the defendant, unless plaintiff stipulate within 15 days from the entry and service of the order herein to reduce the amount of damages to $3,000, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party. The order appealed from is affirmed, without costs. All concur.